**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                         CASE NO. 3:11-cr-98-J-32TEM

MOWAFAK SHAHLA

**ORDER**

This case is before the Court on Defendant Mowafak Shahla's Motion for Bond Pending Appeal and Incorporated Memorandum of Law (Doc. 241). Defendant was sentenced on May 29, 2013 to serve one year and one day in prison on each of three felony counts on which a jury had convicted him, to run concurrently (Doc. 234). The Court directed Defendant to surrender at the Bureau of Prisons institution to which he is designated (Id.). After the Court issued the Judgment and Commitment (Doc. 235), Defendant filed an Amended Notice of Appeal (Doc. 237). Defendant then filed the instant motion, requesting permission to remain on bond during the pendency of his appeal. The United States filed a response in opposition (Doc. 246).

The Bail Reform Act of 1984 governs release pending appeal. See 18 U.S.C. § 3143(b). Under Section 3143(b), the Court shall grant a motion for bond pending appeal if a defendant shows that (1) he is not likely to flee; (2) he does not pose a danger to the safety of others; (3) the appeal is not taken for the purpose of delay; (4) the appeal "raises a substantial question of law or fact;" and (5) if the "substantial question" is resolved in defendant's favor, such determination is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or imprisonment less than the total of the time already served plus the expected duration of the appeal process. See id.; United

States v. Watkins, No. 3:10-cr-73-J-32JBT, 2012 WL 1599836, at *1 (M.D. Fla. May 7, 2012). The burden of establishing each of these factors rests with the convicted defendant. United States v. Giancola, 754 F.2d 898, 901 (11th Cir.1985).[1]

Here, Defendant asserts he is not likely to flee and would not pose a danger to the safety of any other person or the community if released. The United States does not argue otherwise, and the undersigned notes Defendant has been compliant with bond conditions since he was released on bond May 11, 2011 (Docs. 63 & 64). Further, Defendant argues the appeal is not made for the purpose of delay. The United States does not specifically contest Defendant's assertion, and the undersigned does not find the appeal to be for purpose of delay. Thus, Defendant has satisfied his burden as to the first three factors.

The Court next turns to the question of whether Defendant's appeal raises a substantial question of law or fact that, if resolved in Defendant's favor, is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or imprisonment less than the total of the time already served plus the expected duration of the appeal process. To meet this showing, Defendant must persuade the Court that the issue to be presented on appeal is "one of more substance than would be necessary to a finding that it [is] not frivolous." Id. at 901. This does not mean that the Court must find its rulings are likely to be reversed on appeal. Id. at 900. Rather, the Court must find the issue presented

---

[1] The former version of the statute, the Bail Reform Act of 1966, contained a presumption in favor of release, such that a person was entitled to bail unless the government could show that the person posed a risk of flight or danger to the community or another person, or that the appeal was frivolous or filed for purposes of delay. Giancola, 754 F.2d at 900-01. Congress' intent in repealing the earlier version in favor of the 1984 Act was to substantially limit the number of persons released pending appeal. Id.; United States v. Powell, 761 F.2d 1227, 1232 (8th Cir. 1985).

2

on appeal is a "'close' question or one that very well could be decided the other way." Id. at 901. Additionally, Defendant must show that if the substantial question is determined in his favor, the decision "is likely to result in reversal or an order for a new trial of *all counts* on which imprisonment has been imposed." Id. (emphasis added).

Defendant's motion does not identify with clarity the specific grounds to be argued on appeal. Defendant states he is challenging the jury verdict and the sentence of the Court, "particularly as to issues raised on the Rule 29 hearings and post trial motions" (Doc. 241 at 4). Defendant's Renewed Motion for Judgement of Acquittal, or Alternative Motion for New Trial (Doc. 215) and supplement thereto (Doc. 218) raised four primary issues as to his case: (1) the evidence is not sufficient to prove one conspiracy as charged in Count One; (2) the conviction on Count Two must be reversed because the documents upon which the convictions were based were not naturalization forms or applications; (3) the conviction on Count Four is based on insufficient evidence; and (4) the motion for new trial should be granted based on the failure to give requested perjury trap and entrapment jury instructions, and the improper admission of testimony of Genetta Chahla and Victoria Knight. The bulk of Defendant's written motion concerned his arguments regarding Count Two.

The United States responded in detail and at length to each claim in its response in opposition to the motion for judgment of acquittal (Doc. 221). The Court issued an Order denying Defendant's motion (Doc. 227). In the Order, the Court noted Defendant had provided little argument or legal authority with respect to his arguments regarding Count One; "summarily" addressed the arguments regarding Count Four; the Court commented only on Defendant's arguments for a new trial concerning Genetta Chahla's testimony. With respect to Count Two, the Court acknowledged that the manner in which the government charged that

3

count "requires some mental gymnastics to convict [the] defendant, but not so much that the conviction[ ] cannot stand" (Doc. 227 at 13).

In its response to the motion for release pending appeal, the United States does not dispute that Defendant's arguments regarding Count Two present a close question that could be decided in his favor. However, the United States argues that, because Defendant's remaining contentions do not present any such close question, he cannot show that a decision favorable to him would likely result in reversal or a new trial as to *all counts* for which a term of imprisonment has been imposed. This is because if Defendant has success on appeal with respect to Count Two, because the incarceration sentence was imposed on each count, to run concurrently, reversal of Count Two would not impact his sentence and he would remain subject to the same term of imprisonment so long as a conviction on at least one of the other counts withstood appeal.

The arguments as to alleged trial errors were capably and extensively argued by both sides, both in the oral motions at the conclusion of the trial as well as in post-trial memoranda. (See Docs. 215, 218, 221.) The Court found only one of the alleged errors (i.e. Defendant's arguments regarding Count Two) warranted much discussion. The remaining issues are simply not "close" calls that "very well could be decided the other way." Giancola, 754 F.2d at 901; compare Watkins, 2012 WL 1599836, at *2 (finding the denial of a motion to suppress that was described as a "close call" with credibility determinations that were "not free from doubt" presented issues for appeal which "very well could be decided the other way"); United States v. Fenwick, No. 5:06cr193/MCR, 2007 WL 4592241, at *2 (N.D. Fla. Dec. 28, 2007) (finding the question of whether the court's sentence, which was three times greater than the high end of the guideline range, was reasonable presented a close question or one that very

well could be decided the other way).

The Court acknowledges that Count Two presents a close call; Counts One and Four do not. The Defendant's principal argument with respect to those counts is insufficiency of the evidence. Ultimately, Counts One and Four hinged on whether the Defendant conspired to and then entered into a fraudulent marriage. The answer to these questions is not a close call. Nor do the grounds for a new trial present any substantial issues. Thus, the undersigned finds Defendant is not entitled to release pending appeal because he has not presented a substantial question of law or fact that "is likely to result in reversal or an order for a new trial of *all counts* on which imprisonment has been imposed." Giancola, 754 F.2d at 901 (emphasis added).

Although the Court is denying Defendant's Motion, he is not precluded from seeking release pending his appeal from the Eleventh Circuit Court of Appeals. The Court will delay Defendant's reporting date to the Bureau of Prisons for thirty days so that he may seek relief from the Eleventh Circuit if he is so inclined.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Mowafak Shahla's Motion for Bond Pending Appeal (Doc. 241) is **DENIED**.

2. Defendant's reporting date to the Bureau of Prisons is delayed until **August 23, 2013**.[2] Defendant must report by that date if the Eleventh Circuit does not grant him relief.

---

[2] Defendant's current reporting date is July 23, 2013.

**DONE AND ORDERED** at Jacksonville, Florida, on this 15th day of July, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

Copies to:

Counsel of Record
U.S. Probation
U.S. Marshal
Defendant
Bureau of Prisons